No. 3209

Second Circuit

---

## DERMOTT GROCERY & COMMISSION CO. v. BLACKMAN

---

(April 9, 1931. Opinion and Decree.)

---

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, attorneys for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellant.

DREW, J. Plaintiff sued on open account for $4,835.16, less credits aggregating around $3,000. It alleged that the account consisted of certain goods and merchandise sold to defendant and delivered to J. B. Lee, a tenant of defendant; and in the alternative, if the court should find that the goods were sold to J. B. Lee, that the said defendant had unconditionally bound himself in writing to pay the same. He prays for judgment accordingly.

Defendant in answer admits his responsibility for the account of goods delivered to J. B. Lee up to and including August 7, 1926, alleging that on that date he notified plaintiff in writing not to sell and deliver to J. B. Lee on defendant's account, unless on written order or telephone message from defendant. He denies the account in part after August 7, 1926, and demands strict proof of same. He alleged that J. B. Lee was a lessee of his, and that all goods were purchased by Lee and charged to Lee.

By consent, judgment was taken on the petition and answer for the amount of the account up to and including August 7, 1926, leaving before the court the account from August 7, 1926, which amounted to $756.68.

Defendant agreed in writing before the purchases were made to pay for the goods delivered to J. B. Lee, his tenant, when same were delivered on written order or telephone order by defendant. He admits that he authorized delivery to Lee by plaintiff of $265.59 worth of said goods, leaving a difference of which he demanded strict proof. The lower court, after hearing the witnesses testify, rendered judgment for plaintiff in the amount of $660.-91, which was the amount prayed for, less items of interest amounting to $80.89 and $14.88, being the difference between an order for $50 worth of merchandise and $64.88, the amount delivered on said order. Defendant has appealed from this judg-

ment, and prays that the judgment be reduced to the amount admitted by him. Plaintiff has not appealed or answered the appeal.

The uncontradicted testimony is that all items alleged to have been sold and delivered to J. B. Lee were actually delivered to him, and the only question for determination is whether or not the goods were delivered on written or telephone orders from defendant. Plaintiff's bookkeeper and Mr. Lee both testified that all goods delivered to Lee by plaintiff were either on written order of defendant or orders given over the telephone by him. Defendant denies that he gave more than four orders over the telephone and one written order. He is not certain as to the amount he authorized by these orders, and in all his testimony is very vague and indefinite.

The lower court undoubtedly believed the testimony of plaintiff's witnesses and considered defendant's testimony as not a definite denial. It is purely a question of fact, and certainly the preponderance of the testimony is with plaintiff. The testimony of defendant is not sufficient for us to say that the judgment of the lower court is clearly erroneous, and, unless the testimony clearly shows the judgment of the lower court to be erroneous, we will not disturb its findings.

Since the judgment of the lower court was rendered, the defendant has departed this life, and Mrs. R. H. Blackman, widow of deceased, alleging that she has been appointed administratrix of her husband's succession, has petitioned this court to be made a party to these proceedings as defendant and appellant, and an order to that effect has been rendered.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, and that Mrs. R. H. Blackman, administratrix of the succession of R. H. Blackman, be substituted as defendant; appellant to pay all costs.

McGREGOR, J., recused.